UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TONY KNOX, et al., )<br>  )<br>      Plaintiffs )<br>  )<br>v.  )<br>  )<br>ALLSTATE PROPERTY AND )<br>CASUALTY COMPANY, et al., )<br>  )<br>      Defendants ) | 2:20-cv-00155-JAW |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFFS' COMPLAINT**

On September 27, 2017, Richard Knox, the brother of Plaintiff Tony Knox and the son of Plaintiff Helen Knox, while walking on the side of a road in Poland, Maine, was struck and killed by a motor vehicle. (Complaint at 2, ECF No. 1.) Plaintiffs assert various claims related to their efforts to recover insurance benefits as the result of their loss.

Plaintiffs filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiffs' complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiffs' complaint, I recommend the Court dismiss the complaint without prejudice.

### DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss

the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiffs allege that Richard Knox maintained a life insurance policy, that Helen Knox had an automobile insurance policy, and that they retained an attorney to assist them in their efforts to obtain the insurance benefits that might be available. Plaintiffs allege that they are residents of Maine and that the defendant insurance company is an Illinois corporation. Plaintiffs list a Maine address for the law firm and the individual lawyer joined as defendants. Plaintiffs assert the matter is within the Court's diversity jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). The burden of proving subject matter jurisdiction falls to the party invoking the court's jurisdiction. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

Federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). For the exercise of diversity jurisdiction to be valid, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu*

*LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). That is, for Plaintiffs' claims to be within the Court's diversity jurisdiction, Plaintiffs and all the defendants must have been citizens of different states on the date the complaint was filed. *See Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant"). Here, Plaintiffs and two of the defendants are citizens of Maine. Plaintiffs thus have not asserted a claim within the Court's diversity jurisdiction.

In their complaint, Plaintiffs have also cited two federal statute, 18 U.S.C. § 1001 and 40 U.S.C. § 123, as bases of liability. Plaintiffs, therefore, arguably seek to invoke the Court's federal question jurisdiction. Under federal question jurisdiction, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

One of the statutes upon which Plaintiffs rely, 18 U.S.C. § 1001, is a federal criminal statute. A violation of a federal criminal statute does not automatically give rise to a federal question civil claim. *Cf. Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States'" (quoting 28 U.S.C. § 1331)); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (noting that alleged violations of federal criminal statutes will not serve "as a predicate for a section 1983 claim"). The plain

language of the statute does not authorize a private cause of action. The other statute, 40 U.S.C. § 123, provides the federal government with certain remedies when a person, under certain circumstances, fraudulently obtains a federal benefit. The statute does not afford Plaintiffs a cause of action or a remedy. In short, Plaintiffs have not asserted a federal claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiffs' complaint pursuant to 28 U.S.C. § 1915, because Plaintiffs have not asserted a claim within this Court's subject matter jurisdiction, I recommend the Court dismiss the matter without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 11th day of May, 2020.